This case was transferred from the Second Department to the Fourth Department of the Appellate Division. (See 166 App. Div. 903.)

PER CURIAM: While the record and briefs are voluminous the questions involved in this controversy are few and simple, as we view the case. We need not determine the question of practice, as to whether the trial judge had the right to grant the nonsuit and dismiss the complaint upon the merits, after he had directed a verdict for the plaintiff, because we have reached the conclusion that questions of fact are presented by the evidence which should have been submitted to the jury and require the granting of a new trial. We are of the opinion that whatever of the property is covered by the 3d clause of the will of William Z. King, remaining undisposed of by his widow for her personal use at the time of her death, did not become a part of her estate, but remained a part of the estate of William Z. King, and the legal title thereto is now in the plaintiff. That question, we think, is conclusively adjudicated by the Supreme Court and the Court of Appeals in the action against Davis. (*Tuthill* v. *Davis*, 121 App. Div. 290; *Seaward* v. *Davis*, 133 id. 191; modified, 198 N. Y. 415; 148 App. Div. 805.) The only comment we deem it necessary to make upon the question as to the qualifications of Mr. Justice Burr to sit and take part in the decisions of the Appellate Division in the Davis action is contained in the memorandum handed down herewith in *Davis* v. *Seaward* (*ante*, p. 963). We are of the opinion that the directed verdict was properly set aside, because, as we view the evidence, questions of fact were presented which should have been passed upon by the jury, as to whether the moneys which the defendant received were in fact a part of the estate of said William Z. King, remaining unused by the widow at the time of her death, and whether the defendant knew or had information sufficient to put him upon inquiry at the time he received the money to charge him with knowledge of that fact. The judgment and order should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event. All concurred. Judgment and order reversed and new trial granted, with costs to appellant to abide event.

———

Anna Garlock, Appellant, v. Albert C. Schumacher, Individually, etc., and Another, Respondents. — Judgment affirmed, with costs. All concurred.

James L. Holland and Another, Respondents, v. Western Union Telegraph Company and Another, Appellants.— Order affirmed, with ten dollars costs and disbursements. Held, that a case was presented by the papers warranting the granting of the temporary injunction; and that in view of the disposition of the appeal now made by this court it is not necessary to pass further upon the questions sought to be presented therein. All concurred.

Henry C. Tucker, Respondent, v. Western Union Telegraph Company and Another, Appellants.— Order affirmed, with ten dollars costs and disbursements. Held, that a case was presented by the papers warranting the granting of the temporary injunction; and that in view of the disposition of the appeal now made by this court it is not necessary to pass